IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER BRILLON,

    Plaintiffs,                               No. CIV S-06-0032 LKK GGH P

    vs.

SUTTER COUNTY SHERIFF'S DEPT., et al.,

    Defendants.                              ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has paid the $250.00 filing fee in full. Plaintiff will be given the opportunity to file a request for leave to proceed in forma pauperis.[1] See 28 U.S.C. § 1915(a) and discussion below. **If plaintiff qualifies for in forma pauperis status, he will have the benefit of, for example, having the U.S. Marshal serve his complaint, or any amended complaint, if the claims are found cognizable, upon defendants, rather than being responsible for serving process himself. Moreover, filing the in forma pauperis application**

---

[1] See Information to Prisoners Seeking Leave to Proceed with a Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915.

**will not require any additional filing fee to be assessed against plaintiff**. Plaintiff will be given thirty days to file an application for leave to proceed in forma pauperis, using the form provided by the court with this order.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

\\\\\

1        The complaint states a colorable claim for relief against defendants Sutter County
2 Sheriff's Dept.; Sutter County Sheriff Denny; Sutter County Sheriff's Deputies Mitchell and
3 Barnec, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

4        Plaintiff makes allegations with respect to having witnessed another inmate,
5 identified only as "a man from India," being struck and otherwise subjected to excessive force by
6 Deputies Crawford, Adams, Freiman and Mitchell.  Plaintiff lacks standing to bring claims
7 against these individuals on behalf of another inmate.  Halet v. Wend Inv. Co., 672 F.2d 1305,
8 1308 (9th Cir. 1982) (party must assert [his] own rights not those of third parties), citing Duke
9 Power Co. v. Carolina Environmental Study Group, 438 U.S. 59, 80, 98 S.Ct. 2620, 2634 (1978);
10 Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205 (1974).  As this is the sole claim
11 against Deputies Crawford and Adams, they will be dismissed as defendants, and this claim
12 against defendants Mitchell and Freiman will be dismissed.  Plaintiff will be granted leave to
13 amend within thirty days.

14        Plaintiff's sole allegation against Deputy Roberts is that she yelled at him to go sit
15 on his bed, allegedly so that plaintiff would not witness the alleged attack on the unidentified
16 inmate.  This allegation states no claim against this defendant. (Confusingly, plaintiff also
17 asserted that he was "compelled" to witness this same inmate being attacked and he does not
18 explain this paradox).  Deputy Roberts will be dismissed as a defendant, but plaintiff will have
19 leave to amend within thirty days.

20        Plaintiff alleges conclusorily that his cell was "torn up" by defendant Deputy
21 Frieman, a claim for which he provides no context, such as the circumstances of any such
22 actions, what he means by "torn up," when this occurred, whether the alleged action was
23 retaliatory.  Plaintiff does not adequately set forth any claim as based on this vague allegation,
24 plaintiff having no claim under the Fourth Amendment for an unreasonable search, if that is what
25 he intends.  U. S. v. Kincade, 739 F.3d 813, 822 n. 17  (9th Cir. 2004), quoting Hudson v.
26 Palmer, 468 U.S. 517, 526, 104 S.Ct. 3194 (1983) ("[S]ociety is not prepared to recognize as

legitimate any subjective expectation of privacy that a prisoner might have in his prison cell.... [A]ccordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell.").

Nor does he provide enough information on which to base a claim of retaliation. In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989); Rizzo 778 F.2d at 532. The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt at 806 (citing Rizzo at 532). As this is the only other claim wherein plaintiff names Deputy Frieman, this defendant will be dismissed, but plaintiff will be granted thirty days' leave to amend.

Plaintiff makes a number of allegations which he links to no specific defendant. Conversely, as to Lt. Odem, Sgt. Gaza, and Deputies Hunter, Helzer and Taylor, plaintiff sets forth no specific allegations whatsoever. These defendants will be dismissed but plaintiff will be granted leave to amend within thirty days.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an

1  amended complaint be complete in itself without reference to any prior pleading.  This is
2  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
3  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
4  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
5  original complaint, each claim and the involvement of each defendant must be sufficiently
6  alleged.

7  In accordance with the above, IT IS HEREBY ORDERED that:

8  1. The Clerk of the Court is directed to provide plaintiff with a new Application
9  to Proceed In Forma Pauperis; plaintiff must file the application within thirty days of the filed
10 date of this order.  **No further filing fee will be assessed**.

11 2. Plaintiff's claims against defendants Lt. Odem; Sgt. Gaza; Deputies Roberts,
12 Hunter; Helzer; Taylor; Crawford; Adams; Freiman will be dismissed and the claim regarding
13 the alleged attack on the third party inmate against defendant Mitchell is also dismissed for the
14 reasons discussed above, with leave to file an amended complaint within thirty days from the
15 date of service of this Order.  Failure to file an amended complaint will result in a
16 recommendation that these defendants and claims be dismissed from this action.

17 3. Upon filing an amended complaint or expiration of the time allowed therefor,
18 the court will make further orders for service of process upon some or all of the defendants,
19 unless plaintiff fails to make the showing requisite to qualify for in forma pauperis status,
20 pursuant to 28 U.S.C. § 1915(a), in which case any service of process of his original complaint,
21 or any amended complaint, should it contain cognizable claims, will be plaintiff's responsibility,
22 pursuant to Fed. R. Civ. P. 4.

23 DATED: 4/10/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
brill0032.b1

5