IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER BRILLON,

    Plaintiffs,                                  No. CIV S-06-0032 LKK GGH P

    vs.

SUTTER COUNTY SHERIFF'S DEPT., et al.,

    Defendants.                              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed on April 11, 2006, plaintiff's allegations as to certain defendants and claims were dismissed with leave granted to file an amended complaint within thirty days. Although plaintiff had paid the filing fee in full, he was also granted, in the same order, the opportunity to file a request for leave to proceed in forma pauperis (28 U.S.C. § 1915(a)). In doing so, plaintiff was informed that if he qualified for in forma pauperis status, he would have the benefit of, for example, having the U.S. Marshal serve his complaint, or any amended complaint, if the claims were found cognizable, upon defendants, rather than being responsible for serving process himself. Moreover, he was told that no further filing fee would be assessed against him should he file the in forma pauperis affidavit and qualify for in forma pauperis status. Plaintiff was provided with the appropriate form to file the application.

1

Plaintiff failed to file an amended complaint and did not file an in forma pauperis affidavit and, in fact, filed no response whatever, and the time for doing so has expired. The court proceeds now to make the order for, inter alia, service of process upon some of the defendants, for which service plaintiff has elected, by his omission, to be responsible. By separately and concurrently filed <u>Findings and Recommendations</u>, the court recommends dismissal of certain defendants and claims.

Plaintiff's complaint states a cognizable claim for relief, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b), against defendants Sutter County Sheriff's Dept.; Sutter County Sheriff Denny; Sutter County Sheriff's Deputies Mitchell[1] and Barnec. If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of the action. The Clerk of the Court will be directed to issue the appropriate number of summonses to plaintiff for purposes of service of process. <u>See</u> Federal Rule of Civil Procedure 4.

Plaintiff shall complete service of process in accordance with Federal Rule of Civil Procedure 4 within sixty days from the date of this order.[2] Plaintiff shall serve a copy of this order on each defendant together with a summons and a copy of the complaint. Within 120 days from the date of this order, plaintiff and defendants shall each submit to the court and serve by mail on all other parties the following status report:

    1. Whether this matter is ready for trial and, if not, why not;

    2. Whether additional discovery is deemed necessary. If further discovery is deemed necessary, the party desiring it shall state the nature and scope of the discovery and provide an estimate of the time needed in which to complete it;

    3. Whether a pretrial motion is contemplated. If any such motion is

---

[1] However, dismissal is recommended, by concurrent filing, of the allegations against defendant Mitchell regarding plaintiff's claim of having witnessed, inter alia, defendant Mitchell, striking and otherwise subjecting to excessive force an unidentified third party inmate.

[2] Plaintiff is cautioned that this action may be dismissed if service of process is not accomplished within 120 days from the date the complaint was filed. <u>See</u> Fed. R. Civ. P. 4(m).

contemplated, the party intending to file it shall describe the type of motion and shall state the time needed to file the motion and to complete the time schedule set forth in Local Rule 78-230(m);

    4. A narrative statement of the facts that will be offered by oral or documentary evidence at trial;

    5. A list of all exhibits to be offered into evidence at the trial of the case;

    6. A list of the names and addresses of all witnesses the party intends to call;

    7. A summary of the anticipated testimony of any witnesses who are presently incarcerated;

    8. The time estimated for trial;

    9. Whether either party still requests trial by jury; and

    10. Any other matter, not covered above, which the party desires to call to the attention of the court.

    In addition, plaintiff shall inform the court in his status report of the date and manner of service of process.

    The parties are informed that they may, if all consent, have this case tried by a United States Magistrate Judge while preserving their right to appeal to the Circuit Court of Appeals. An appropriate form for consent to trial by a magistrate judge is attached. Any party choosing to consent may complete the form and return it to the clerk of this court. Neither the magistrate judge nor the district judge handling the case will be notified of the filing of a consent form unless all parties to the action have consented.

    In accordance with the above, IT IS HEREBY ORDERED that:

    1. The Clerk of the Court is directed to issue and send plaintiff four (4) summonses, for defendants Sutter County Sheriff's Dept.; Sutter County Sheriff Denny; Sutter

1  County Sheriff's Deputies Mitchell[3] and Barnec.  The Clerk shall also send plaintiff five (5)

2  copies of the form "Consent to Proceed Before United States Magistrate Judge" with this order.

3        2.  Plaintiff shall complete service of process on the defendants within sixty days

4  from the date of this order.  Plaintiff shall serve a copy of this order and a copy of the form

5  "Consent to Proceed Before United States Magistrate Judge" on each defendant at the time the

6  summons and complaint are served.

7        3.  Defendants shall reply to the complaint within the time provided by the

8  applicable provisions of Fed. R. Civ. P. 12(a).

9        4.  Plaintiff's status report shall be filed within ninety days from the date of this

10 order.  Defendants' status report shall be filed within thirty days thereafter.  The parties are

11 advised that failure to file a status report in accordance with this order may result in the

12 imposition of sanctions, including dismissal of the action and preclusion of issues or witnesses.

13       5.  Unless otherwise ordered, all motions to dismiss, motions for summary

14 judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59

15 and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall

16 be briefed pursuant to Local Rule 78-230(m).  Failure to oppose such a motion timely may be

17 deemed a waiver of opposition to the motion.  Opposition to all other motions need be filed only

18 as directed by the court.

19       6.  If plaintiff is released from prison at any time during the pendency of this case,

20 any party may request application of other provisions of Local Rule 78-230 in lieu of Local Rule

21 78-230(m).  In the absence of a court order granting such a request, the provisions of Local Rule

22 78-230(m) will govern all motions described in #5 above regardless of plaintiff's custodial status.

23 See Local Rule 1-102(d).

---

[3] However, dismissal is recommended, by concurrent filing, of plaintiff's allegations against defendant Mitchell regarding plaintiff's claim of having witnessed, inter alia, defendant Mitchell, striking and otherwise subjecting to excessive force an unidentified third party.

7. Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), plaintiff is advised of the following requirements for opposing a motion to dismiss for failure to exhaust administrative remedies made by defendant pursuant to non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure.  Such a motion is a request for dismissal of unexhausted claims without prejudice.  The defendant may submit affidavits or declarations under penalty of perjury and admissible documentation to support the motion to dismiss.  To oppose the motion, plaintiff may likewise file declarations under penalty of perjury and admissible documentation. Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations by other persons who have personal knowledge of relevant matters.  Plaintiff may also rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are.  If plaintiff fails to contradict defendant's evidence with admissible evidence, the court may rely on the defendant's evidence.  In the event both sides submit matters outside the pleadings, the court may look beyond the pleadings and decide disputed issues of fact.  If plaintiff does not serve and file a written opposition to the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion.  If the defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's unexhausted claims will be dismissed without prejudice.

8. Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the following requirements for opposing a motion for summary judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Such a motion is a request for an order for judgment in favor of defendants without trial.  A defendant's motion for summary judgment will set forth the facts that the defendants contend are not reasonably subject to dispute and that entitle the defendants to judgment.  To oppose a motion for summary

judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are. Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the truth and the defendants' motion for summary judgment granted. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendants' motion. If plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendants' motion. If the defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment will be entered for the defendants without a trial and the case will be closed.

9. A motion or opposition supported by unsigned affidavits or declarations will be stricken.

10. Each party shall keep the court informed of a current address at all times while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." A notice of change of address must be properly served on other parties. Pursuant to Local Rule 83-182(f), service of documents at the record address of a party is fully effective. Failure to inform the

1 court of a change of address may result in the imposition of sanctions including dismissal of the
2 action.
3     11.  The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of
4 Court.
5     12.  The failure of any party to comply with this order, the Federal Rules of Civil
6 Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but
7 not limited to, dismissal of the action or entry of default.  Fed. R. Civ. P. 11; Local Rule 11-110.
8 DATED: 7/14/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
brill0032.8fee